IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01670-RBJ-BNB

BIRSEN ROMERO,

Plaintiff,

v.

SAM'S WEST, INC.,

Defendant.

_____

**ORDER**
_____

This matter arises on two separate letters filed by the plaintiff (the "Letters"):

1. Document #60, filed 03/14/2012; and

2. Document #62, filed 03/21/2012.

The relief sought in the Letters is DENIED.

The plaintiff is proceeding *pro se*.[1] In Document #60, she states that she has found an attorney, but the attorney will not take her case until he sees her "deposation papers."[2] The plaintiff further states "to get the deposation papers from the attorney, they want 700.00." The plaintiff requests that the court provide her with the "deposation papers."

It appears that the plaintiff is attempting to obtain a copy of her deposition testimony

---

[1] On March 12, 2012, I granted [Doc. #61] plaintiff's counsel's motion to withdraw [Doc. #55].

[2] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.


from either her former attorney or opposing counsel. The court does not have funding to purchase a copy of the deposition testimony for the plaintiff, nor does it have authority to order that the deposition testimony be provided to the plaintiff without cost. The plaintiff's request is denied.

In Document #62, the plaintiff requests "some more time to found un attorney for my case."[3] On March 12, 2012, I granted [Doc. #59] plaintiff's counsel's motion to withdraw. I also granted the plaintiff's request for an extension of time until March 23, 2012, to respond to the defendant's motion to dismiss, and I extended the expert disclosure deadlines. In doing so, I warned the plaintiff that "she is personally responsible for complying with all court orders and time limitations established by any applicable rules." Thus, the plaintiff is aware that she is personally responsible for this case until she obtains an attorney.

Moreover, the plaintiff's counsel's motion to withdraw was filed on February 28, 2012 [Doc. #55]. The motion states that the plaintiff consented to counsel's withdrawal and that the plaintiff was attempting to secure new counsel. Therefore, the plaintiff has had a month to engage the services of another attorney. The case is scheduled for trial on July 16, 2012. Any further delays in this case could delay the trial date. The plaintiff's request for "more time" is denied.

In addition, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "The rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). The plaintiff improperly submitted her requests in the form of a letter, not in the form of a motion, as required.

---

[3]The plaintiff does not request an extension of any specific deadline.

Finally, the plaintiff does not certify that she served a copy of the Letters on counsel for the defendant.  Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5.  Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party.  Fed. R. Civ. P. 5(a).  "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ."  Fed. R. Civ. P. 5(b). Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

IT IS ORDERED:

1.  The relief sought in the Letters is DENIED;

2.  All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

3.  All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service; and

4.  Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated March 29, 2012.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge